**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ELIZABETH STEWART,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-00598-P-BP** |
| | § | |
| **JUDITH WELLS,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss and Brief in Support filed by Lori DeAngelis; Tarrant County, Texas; and Tarrant County District Clerk, ECF No. 11; the Motion to Dismiss and Brief in Support filed by Judith Wells and Ken Paxton, ECF No. 13; Plaintiff's Responses, ECF Nos. 18 and 19; and Defendants' Replies, ECF Nos. 20 and 21. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendants' Motions to Dismiss, ECF Nos. 11 and 13 for lack of standing and on *Younger* abstention grounds; and **DISMISS** this action **WITHOUT PREJUDICE** as to all Defendants.

**I.      BACKGROUND**

This case arises out of ongoing family law litigation in Tarrant County District Court between Elizabeth Stewart ("Stewart"), the pro se plaintiff here, and her former husband. The following description of events leading up to the suit comes from Stewart's Complaint. ECF No. 1. Stewart is the mother of two children, H.S. III and A.S. *Id.* at 3. In 2010, her husband, the father of the children, filed for divorce. *Id.* at 9. At the final hearing on July 14, 2010, the court awarded Stewart custody of the children. In 2014, Stewart filed a "Modification Suit Affecting Parent-Child

Relationship and Request for Temporary Orders, and Temporary Restraining Order, for Protective Order and Motion to Transfer." *Id.* at 10. On July 1, 2015, then District Judge William Harris signed a default judgment removing Stewart as the custodial parent and placing the children with their father. *Id.* at 10–11.

At some point between 2016 and 2019, Stewart "was given voluntary relinquishment of the children," and their father filed a request for Temporary Restraining Order and Modification Suit Affecting Parent-Child Relationship. *Id.* at 11–12. On February 20, 2019, Lori DeAngelis ("DeAngelis"), Associate Judge of the 325th Judicial District Court, held a hearing and ordered that Stewart have "no access" to the children. *Id.* at 12. Stewart alleges that the "no access" order was "false content." *Id.* at 13. Stewart requested another hearing, which was held on March 27, 2019 before Judith Wells ("Wells"), presiding judge of the 325th Judicial District Court. *Id.* at 12. After this hearing, Wells granted a motion to seal, which Stewart argues caused her to be "unable to obtain access to her case including the ability to obtain a copy of the transcript of the hearing" and to be "blocked . . . from accessing the case without an attorney." *See id.* at 13–14.

On February 14, 2019, Stewart filed an Original Petition for Bill of Review in the Tarrant County District Court. *Id.* at 13. Her bill of review petition was still pending when she filed her Complaint in this Court. ECF No. 19 at 7. She also filed a Motion to Recuse in the state court in 2019, and her ex-husband filed a Motion for Hearing on Enforcement and Possession. *See* ECF No. 1 at 14. After a hearing on April 11, 2019, the administrative judge denied both motions. *Id.*

This is not Stewart's first suit in this Court against several of the defendants. In 2017, she sued Attorney General Paxton ("Paxton"), District Clerk Tom Wilder ("Wilder"), and Jesus Nevarez, Jr., the presiding judge of the 231st Judicial District Court of Tarrant County. *Stewart v. Nevarez*, No. 4:17-CV-00501-O-BP, 2017 WL 9473085 (N.D. Tex. Nov. 8, 2017), *rec. adopted*,

2018 WL 507153 (N.D. Tex. Jan. 23, 2018). In that case, she argued: (1) the defendants deprived her of her constitutional right to a fair trial, as a result of many alleged problems during her 2014 Modification Suit, and (2) the defendants violated 42 U.S.C. § 1983 by failing to train their staff in proper procedures, causing the problems in her Modification Suit. *Stewart*, 2017 WL 9473085, at *3. The Court dismissed the suit with prejudice because the *Rooker-Feldman* doctrine, as well as judicial, official, and qualified immunities, barred Stewart's claims. *Id.*

Now, Stewart alleges that the defendants violated substantive and procedural due process, equal protection, and her First Amendment rights, as well as failed to train under 42 U.S.C. § 1983. ECF No. 1. She sues each individual defendant in his or her official capacity. *Id.* at 3–4. She names Wells and DeAngelis due to their involvement in her state case, Paxton because his office manages the Texas Child Support Division, Tarrant County because its customs and policies allegedly caused a deprivation of her constitutional rights, and Wilder because he trains and manages the deputy district clerks in Tarrant County. *Id.* DeAngelis, Tarrant County, and Wilder (collectively, "the County Defendants") move for dismissal of all claims under Federal Rules of Civil Procedure 12(b)(1), (5), and (6). ECF No. 11. Wells and Paxton (collectively, "the State Defendants") move for dismissal of her claims under Federal Rules of Civil Procedure 12(b)(1) and (6). ECF No. 13.

Stewart makes many of the same arguments she made in the previous suit and sues two of the same parties. She argues four causes of action: (1) substantive due process violations and violations of her First Amendment rights, (2) procedural due process violations, (3) failure to train, and (4) racial and gender discrimination. ECF No. 1 at 16, 19–21. Specifically, she alleges that "Tarrant County has a systemic violation of due process" which prevented her from "attend[ing] and represent[ing] herself in fair court proceedings," accessing her children and their educational and medical records, "proceeding free without retaliation and discrimination," and receiving

"constitutional determinations without arbitrary due process in equal protection of the law." ECF No. 18 at 5–6. She also argues that Tarrant County's "systemic violation of due process" hinders her ability to appeal her child custody case through the state courts. *Id.* at 6. She asserts that the "best interest of the child" standard used by Texas family courts in child custody and divorce proceedings is a "custom, policy, and practice" that is unconstitutionally vague and arbitrarily applied. ECF No. 1 at 8–9.

Stewart requests that the Court issue a declaratory judgment that the actions, policies, practices, and culture alleged in her Complaint violate federal law and her constitutional rights. *Id.* at 23. She also requests an emergency order that enjoins Defendants "from subjecting Plaintiff to discretionary due process proceedings, blocking access to the courts," discriminating against her, unlawfully retaliating against her, extorting money from her, and "influencing other government entities to block her access to [her children's] educational and medical information." *Id.* She further requests that the Court order Defendants "to develop and implement appropriate and effective measures designed to prevent discretionary due process of law, discrimination, and retaliation" as well as pay her attorney's fees and costs. *Id.* at 24. Stewart does not seek an award of monetary damages.

The Defendants argue that Stewart's claims should be dismissed because she lacks standing and fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), and even if she overcame those jurisdictional obstacles, the *Rooker-Feldman* doctrine and the Eleventh Amendment bar her claims. ECF Nos. 11, 13. The County Defendants also argue that Stewart's claims should be dismissed because (1) they are duplicative, (2) they are barred by the *Younger* abstention doctrine, judicial immunity, and res judicata, (3) she cannot enjoin the County Defendants under 42 U.S.C. § 1983, and (4) service of process was insufficient. ECF No. 11 at 13–14, 23.  Stewart responds to

both motions to dismiss by repeating the arguments from her Complaint and generally denying the validity of Defendants' arguments. ECF Nos. 18, 19.

## II.    LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *id.* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, documents properly attached to the complaint or incorporated by reference, and matters of which a court may take judicial notice. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice [an adjudicative fact] that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

## III.    ANALYSIS

### A.    Stewart Lacks Standing to Challenge the Constitutionality of the "Best Interest of the Child" Standard.

Before the Court can address the merits of Stewart's claims, it must have subject matter jurisdiction, which includes a finding that she has standing to bring this suit. *HSBC Bank USA, N.A. v. Crum,* 907 F.3d 199, 202 (5th Cir. 2018); *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Stewart challenges the constitutionality of Texas Family Code § 153.002, which provides that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." ECF No. 1 at 16–17. The Defendants argue that Stewart lacks standing to

challenge the "best interest" statute because she and the Defendants do not have adverse legal interests on this issue, so there is no case or controversy. ECF Nos. 11 at 16–17; 13 at 11–12. They also argue that she fails to establish an injury likely to be redressed by a favorable ruling. ECF Nos. 11 at 17; 13 at 10–11. The State Defendants further argue that Stewart lacks standing because she fails to establish traceability. ECF No. 13 at 11.

The Constitution requires three elements for standing: injury, traceability, and redressability.

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (brackets in original) (internal citations omitted).

Article III of the U.S. Constitution limits a federal court's jurisdiction to matters that are deemed "cases" or "controversies." *Id.* at 559. Because Stewart seeks injunctive and declaratory relief, she must allege facts showing "a substantial likelihood that [she] will suffer similar injury in the future" and "a substantial and continuing controversy between two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

> The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests. The requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity. Similarly, a section 1983 due process claim is not actionable against a state judge acting purely in his adjudicative capacity because he is not a proper party in a section 1983 action challenging the constitutionality of a state statute.

*Id.* at 359 (internal citations omitted).

Here, Stewart does not contend that Wells or DeAngelis acted outside of their adjudicative capacities. She claims they violated her rights by "unconstitutionally [permitting] determination of best interest of the child without obtaining relevant evidence and facts to make such a determination," issuing default judgments, ordering "no access to her children without a determination of best interest," and "[b]locking complete access to her case." ECF No. 1 at 1, 17. Each of these alleged actions was taken within the judges' adjudicative capacity, meaning that the requirement of a justiciable controversy is not satisfied. *Bauer*, 341 F.3d at 359. Accordingly, Stewart fails to allege a case or controversy and does not have standing to sue Wells or DeAngelis on this basis.

Further, Stewart has not sufficiently alleged redressability. The only concrete and particularized injury that Stewart has alleged is her loss of access to her children. *See* ECF No. 1. She argues that the statutory standard that Texas family courts must apply in determining child custody is unconstitutional, and this statute has caused her to unjustly lose access to her children. *Id.* at 7, 9, 15. The Texas legislature enacted the "best interest" standard in legislation that was signed by the governor. None of the defendants have the authority to change the statute or affect the way in which the courts apply it. Stewart has not alleged facts to show that even if the Court ruled in her favor, she likely would gain access to her children. *See* ECF No. 1. This possibility is merely speculative, which is insufficient to show the redressability element of standing. *See Lujan*, 504 U.S. at 560–61. And, she fails to show how her claims are traceable to the defendants who are not authorized to change the law to which she objects.

The facts of this case are similar to those of *Machetta v. Moren*, No. 4:16-CV-2377, 2017 WL 2805192 (S.D. Tex. Apr. 13, 2017), *rec. adopted*, 2017 WL 2805002 (S.D. Tex. June 28, 2017). *Machetta* arose out of a child custody dispute in which a father sued two family court judges

in Harris County, alleging that the procedures they used to issue a temporary restraining order against him violated his and his children's constitutional rights. *Machetta*, 2017 WL 2805192, at *1. The father alleged that the judges executed "the state's agenda to always assert the state's opinion of what is in the child's best interest over that of the fit parents [and therefore] Plaintiff is denied a hearing before an impartial judge." *Id.* at *3 (brackets in original). The court dismissed the claims, holding that the father lacked standing to sue the judges because there was no case or controversy between adverse parties. *Id.* at *3; *Machetta*, 2017 WL 2805002, at *1.

The same reasoning applies here. Stewart lacks standing to challenge the "best interest of the child" standard because there is no case or controversy between her and the defendants. Further, she fails to allege facts that show that her claims are redressable and fairly traceable to the conduct of the defendants such that she has standing to pursue her claims. Accordingly, her claims attacking the constitutionality of the "best interest" standard should be dismissed without prejudice for lack of standing. *Crenshaw-Logal v. City of Abilene*, 436 F. App'x. 306, 310 (5th Cir. 2011) ("When a complaint is dismissed for lack of jurisdiction (including lack of standing), dismissal ordinarily should be without prejudice.").

## B.    The Court Should Abstain from Considering Stewart's Claims.

Federal courts generally are obliged to decide cases that fall within their jurisdiction: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971), courts have recognized "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil

9

enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367–68 (2013)) (internal quotation marks omitted).

Here, the third exceptional circumstance applies. Federal courts consistently have abstained from ruling on cases that are inextricably connected to the important state interest of child custody issues. *See, e.g.*, *Marlett v. Heath*, No. 3:18-CV-2812-M-BN, 2018 WL 5723163, at *3 (N.D. Tex. Oct. 23, 2018), *rec. adopted*, No. 3:18-CV-2812-M, 2018 WL 5717431 (N.D. Tex. Oct. 31, 2018) (abstaining under *Younger* from ruling on father's challenge to California state actions that allegedly violated Texas child support and custody order); *Machetta*, 2017 WL 2805192, at *5 (abstaining under *Younger* from ruling on father's challenge to procedures that two judges used in issuing temporary restraining order against him); *Karl v. Cifuentes*, No. 15-CV-2542, 2015 WL 4940613, at *4 (E.D. Pa. Aug. 13, 2015) ("Custody cases are particularly appropriate for *Younger* abstention.").

When one of the three exceptional circumstances applies, "the *Younger* doctrine requires that federal courts decline to exercise jurisdiction when three conditions are met: '(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Marlett*, 2018 WL 5723163, at *2 (quoting *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012)). If these conditions are met, the court should abstain unless the plaintiff shows bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982).

Here, the Court should abstain because all three conditions are met. Continuation of this case would interfere with ongoing state court proceedings involving an equitable bill of review and a "de novo hearing." ECF Nos. 18 at 15; 22 at 2. Regulation of child custody matters is an important state interest. *Marlett*, 2018 WL 5723163, at *3 (citing *Paprock v. Brown*, No. A-15-CV-1073-LY, 2015 WL 12734166, at *2 (W.D. Tex. Dec. 7, 2015), *rec. adopted in part*, 2016 WL 6635745 (W.D. Tex. Mar. 14, 2016)). The pending state court actions, and the right to appeal adverse judgments in them to the applicable state appellate court, afford Stewart an adequate opportunity to litigate her claims. *See Middlesex Cty.*, 457 U.S. at 435; *Paprock*, 2015 WL 12734166, at *2 (dismissing a similar case under *Younger* and *Middlesex County*). Finally, none of the three limited exceptions to the application of *Younger* abstention apply. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (bad faith or harassment; flagrantly unconstitutional statute; or application of abstention doctrine waived). On the facts presented here, and because Stewart has not shown any reason that abstention would be inappropriate, the Court should abstain from entertaining her claims under *Younger* and dismiss her claims without prejudice. *Salas v. Waybourn*, No. 4:19-cv-236-O, 2019 WL 6717095 (N.D. Tex. Dec. 10, 2019) (dismissal under *Younger* abstention without prejudice).

### C.    The *Rooker-Feldman* doctrine does not bar Stewart's claims.

Defendants argue that even if Stewart had standing and abstention was inappropriate, the *Rooker-Feldman* doctrine bars her claims. ECF Nos. 11 at 17–19; 13 at 8–10. Under this doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such

a review." *Davis v. Bayless*, 70 F.3d 367, 375–76 (5th Cir. 1995) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). "The casting of a complaint in the form of a civil rights action cannot circumvent this rule . . . ." *Liedtke*, 18 F.3d at 317.

Plaintiff's recourse in such cases is "with the state appellate courts and thereafter the United States Supreme Court on application for a writ of certiorari, not by a complaint to the federal district court." *Id.* at 318. The *Rooker-Feldman* doctrine "is designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018). However, the doctrine only applies to cases "in which 'a party suffered an adverse final judgment rendered by a state's court of last resort.'" *Id.* (quoting *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)). The doctrine "does not apply if, at the time the federal suit is filed, the state court proceeding implicated was ongoing, even if on appeal." *Anthony of the Family Baker v. Child Support Div.*, No. 3:18-CV-341-C-BN, 2018 WL 4858743, at *5 (N.D. Tex. Sept. 18, 2018), *rec. adopted*, 2018 WL 4854167 (N.D. Tex. Oct. 5, 2018).

Although Stewart characterizes her complaint as a civil rights suit under § 1983, her pleadings and responses to the motions to dismiss show that the aim of this suit is to appeal and overturn the child custody order entered by the state court. The claims in this case are "inextricably intertwined" with the state family court's child custody proceedings. All of Stewart's allegations— the court's arbitrary application of the "best interest" standard, discrimination against her, her inability to present evidence, and communication problems with court staff—relate to the child custody proceedings. *See* ECF No. 1. Nevertheless, the *Rooker-Feldman* doctrine does not apply here because Stewart does not attack a final judgment of a state court. *See id.* When she filed her

complaint, her equitable bill of review and de novo hearing were both pending in state court. ECF No. 18 at 15. Consequently, the *Rooker-Feldman* doctrine does not apply on these facts.

### D. Because Dismissal for Lack of Jurisdiction and for Abstention is Proper, Dismissal for Failure to State a Claim is not Warranted.

The Court should dismiss Stewart's Complaint because she lacks standing to challenge the "best interest" standard and because the Court should abstain from considering her remaining claims for injunctive and declaratory relief under the *Younger* doctrine. Under these circumstances, the Court does not consider the defendants' remaining grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Ramming*, 281 F.3d at 161 (court addresses jurisdictional challenge before considering dismissal for failure to state a claim).

## IV. CONCLUSION

Stewart's claims challenging the Texas "best interest" statute should be dismissed without prejudice for lack of standing. Her remaining claims against the defendants should be dismissed without prejudice under *Younger* abstention. For these reasons, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** the County Defendants' Motion to Dismiss, ECF No. 11, and the State Defendants' Motion to Dismiss, ECF No. 13, and **DISMISS** this action **WITHOUT PREJUDICE**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass*, 79 F.3d at 1417.

   **SIGNED** on May 26, 2020.


            Hal R. Ray, Jr.
            UNITED STATES MAGISTRATE JUDGE